## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

STULTZ v. INGLES.

MAY 3d, 1888.

Absent, Richardson, J.

COUNTY TREASURER—*Deputy*—*Deputy's agent.*—Treasurer permitted deputy to turn over tax tickets to S. for collection, declaring, however, he would look only to deputy and his sureties. Subsequently S., on motion of treasurer, qualified as deputy, but gave no bond; and treasurer receipted to him for any money paid by him:

HELD:

> The deputy and his sureties are responsible for any default of S. in the collection of taxes, S. being his agent.

Error to judgment of corporation court of city of Danville, rendered July 11th, 1885, on a motion by C. H. Ingles, treasurer of Henry county, upon the official bond of R. C. Griggs, deputy treasurer of said county, against the said deputy and O. M. Stultz and others, his sureties. The jury found a verdict against the defendants for the penalty of said bond to be discharged by $973 55, with interest from July 1st, 1879, until paid, and the court overruling their motion for a new trial, entered judgment in accordance with the verdict. And the defendants excepting to the ruling, the court certified the evidence. Opinion states the case.

*Staples & Mullen* and *Whittle & Anderson*, for the plaintiff in error.

*Green & Miller*, for the defendant in error.

LACY, J., delivered the opinion of the court.

This was a motion upon the official bond of R. C. Griggs as deputy treasurer for C. H. Ingles, removed for cause from the county court of Henry county to the circuit court of that county, and thence to the corporation court of Danville, where there was a judgment against said Griggs and his sureties, O. M. Stultz and others. The facts are that R. C. Griggs was the deputy treasurer, and received from the treasurer, C. H. Ingles, certain tax tickets for collection in January, 1879. In April of that year, R. C. Griggs informed Ingles that he wished to engage in the mercantile business, and wished Samuel J. Griggs to collect taxes for him, (R. C. Griggs,) to which Ingles replied, as he states, (and which is in accord with the verdict and judgment): "Well, Bob, you can have Sam, or any one else you choose, to collect taxes for you; but I look to you and your sureties to account to me for them"; that thereupon R. C. Griggs put Samuel J. Griggs to collecting said taxes, but without the knowledge of the appellee as to when or what amount of tax tickets were turned over by R. C. Griggs to Samuel J. Griggs; that Ingles was again elected treasurer in 1879; that, at May and August terms of the county court of Henry, Samuel J. Griggs was allowed to qualify as deputy treasurer upon the motion of Ingles; that it was customary in the county for one deputy to have one or more persons to collect taxes for him, and so Ingles never thought it necessary to give any information to the sureties of R. C. Griggs on this subject; that, when Samuel J. Griggs paid Ingles any money, he gave him a receipt for it, but Samuel J. Griggs never gave any bond because Ingles never considered him any more than the agent of his brother, R. C. Griggs; that O. M. Stultz was the brother-in-law of both R. C. Griggs and Samuel J. Griggs, and O. M. Stultz applied to Ingles in 1882 to know how much

R. C. Griggs was behind, and Ingles told him very little, if Samuel J. Griggs came up all right; that in April or May, 1879, R. C. Griggs carried on the mercantile business with one R. C. Wells on quite a large scale; that Samuel J. Griggs was a younger brother of R. C. Griggs, and, when put to collecting taxes, was just out of school and unemployed.

Under these facts there can be no substantial doubt but that Samuel J. Griggs was the employee of R. C. Griggs, and that R. C. Griggs, having given him tax tickets, for which he had receipted and given bond, is responsible for his default therein. If R. C. Griggs had desired to be released from all liability concerning this business, and to give it up, he could have had himself released, and, surrendering the uncollected tax tickets, and accounting for collections, have taken in his receipts; but he, for reasons satisfactory to himself, delivered tax tickets, for which he was responsible, into the irresponsible hands of his younger brother, where they were lost, and he cannot escape the responsibility he had assumed of faithfully accounting for these tax tickets.

We think the judgment of the corporation court of Danville is plainly right, and the same must be affirmed.

JUDGMENT AFFIRMED.